UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **NATHAN PARKE BATEMAN,** | ) |
| Petitioner, | ) |
| v. | ) Case No. 2:22-cv-70-LCB-JHE |
| **SHERIFF BILL MURRAY,** | ) |
| Respondent. | ) |

## ORDER

Nathan Parke Bateman, a pretrial detainee at the St. Clair County Jail, petitions for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1 at 1); (Doc. 10 at 1). United States Magistrate Judge John H. England, III recommends that Bateman's petition be dismissed without prejudice because: (1) Bateman has not exhausted all available state remedies; and (2) exercising jurisdiction over Bateman's petition would contradict the abstention principles established in *Younger v. Harris*, 401 U.S. 37 (1971). (Doc. 15 at 5–7, 7 n.1). Bateman now raises two objections to Judge England's recommendation.

First, Bateman contends he is not required to exhaust his state remedies because, as a pretrial detainee, he is "not in custody pursuant to the judgment of a state court." (Doc. 16 at 1–3). The Eleventh Circuit, however, has made clear that "a district court may not grant a § 2241 petition 'unless the petitioner has exhausted all

available state remedies.'" *Johnson v. Florida*, 32 F.4th 1092, 1095–96 (11th Cir. 2022) (quoting *Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985) (per curiam)). Accordingly, the fact that Bateman is a pretrial detainee does not exempt his § 2241 petition from the exhaustion requirement. Thus, Bateman's first objection fails.

Second, Bateman argues that "exceptional circumstances" excuse his failure to satisfy the exhaustion requirement. (Doc. 16 at 6). Exceptions to the exhaustion requirement are available "only in 'extraordinary circumstances,' and . . . the petitioner 'bears the burden of demonstrating the futility of administrative review.'" *Jaimes v. United States*, 168 F. App'x 356, 359 (11th Cir. 2006) (per curiam) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam)). Here, Bateman shows neither that this case involves special circumstances nor that administrative review would be futile. Accordingly, Bateman's second objection likewise fails.

\* \* \*

Having conducted a de novo review of the entire record, the Court **OVERRULES** Bateman's objections (Doc. 16), **ADOPTS** Judge England's recommendation (Doc. 15), **GRANTS** Respondent's motion "for summary dismissal" (Doc. 7), and **DISMISSES** Bateman's habeas petition without prejudice. The Clerk of Court is directed to close this case.

**DONE** and **ORDERED** June 13, 2022.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE